No. 50.—ALONZO D. BROWN, and others, plaintiffs in error, *vs.* OLIVER H. LEE, and others, defendants in error.

[1.] An insolvent debtor cannot prefer one class of creditors, under the Act of 1818, by a conveyance in trust, for their benefit. The decision in *Ezekiel vs. Dixon*, 3 *Kelly*, 146, approved.

Motion, &c. in Newton Superior Court. Decided by Judge Floyd, March Term, 1849.

On the 31st day of December, 1847, Alonzo D. Brown being in failing circumstances, and unable to pay all of his debts, executed the following Deed of Assignment :

GEORGIA, NEWTON COUNTY—

This Indenture, made and entered into this 31st Dec. 1847, between Alonzo D. Brown, of said County and State, of the one part, and William W. Clark, of the same place, of the other part, *Witnesseth :* That for and in consideration of the sum of five dollars in hand paid, and for the purposes hereinafter mentioned, said Brown hath sold, conveyed, turned over and aliened to William W. Clark, all of my stock of goods, now on hand, in Covington, said County and State, my books, accounts, notes and other evidences of debt; also, my right, title and interest in the lot and store I now occupy ; the said property to be first applied to the payment of those debts on which Phillips & Dearing, and Noah Phillips are indorsers or securities ; after which, all other debts are of equal grade, and to be so considered in the payment thereof; the payments to be made by the said Clark, monthly, on

each demand; the business to be wound up so soon as will be to the interest of said creditors.

To have and to hold, &c.

In witness whereof, &c."

Subsequent to this deed, on January 1st, 1848, Brown executed a mortgage to this same property, (being his whole estate,) to Phillips & Dearing, and Noah Phillips, to secure them as his sureties. And on the 3d January, 1848, Oliver H. Lee and other creditors, sued out attachments, which were levied on the same property.

By consent of all parties, the property was sold by the Sheriff, and the proceeds held up, to be distributed under the order of Court.

Upon the hearing, the mortgage creditors and attachment creditors sought to set aside this deed of assignment, as void, under the Act of 1818. The Court held the assignment void, and the creditors claiming under the deed, excepted.

CLARK, for plaintiffs in error.

DAWSON & LAMAR, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] In a well considered case, determined at Americus, in 1847, this Court held, that "if an insolvent debtor assigns his property to one or more persons, *in trust*, for the benefit of a portion of his creditors, to the exclusion of the rest, such conveyance is null and void, by the Act of 1818." *Ezekiel vs. Dixon*, 3 *Kelly*, 146.

That is this case—an assignment in trust, by a debtor, who is insolvent, to pay one class of creditors *first*, and then to pay all others. A preference is here given to some, over other creditors, by a *trust* assignment. This, the assignor cannot do. He may prefer creditors by a direct sale to them, in extinguishment of their claims, or he may *bona fide* sell his property to a stranger, and apply the proceeds to the debts of favored creditors; but he cannot discriminate, in a trust deed, between creditors. The ingenious counsel for the plaintiff in error, has failed to distinguish this case from that of *Ezekiel and Dixon*. This deed is void, un-

der the Act of 1818.    Whether it is or not, is the only question
made in this record, although another was argued.*

Let the judgment be affirmed.

——
*Note.—See *post, No. 52, Lee et al. vs. Brown, et al.*—[Rep.]